

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,207-01

### EX PARTE MANUEL AGUILAR DELACRUZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1298-A IN THE 31ST DISTRICT COURT
### FROM LIPSCOMB COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to possession of child pornography, and was sentenced to ten years' imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things,[1] that his plea was involuntary because he was not properly advised by trial counsel of the nature of the charges and what the State would have to prove if he elected to go to trial. Applicant apparently pleaded guilty at the same time to four other charges

---

[1]This Court has considered Applicant's other claims and finds them to be without merit.

of possession of child pornography (although this habeas application is the only one before this Court). In each case, Applicant received a ten-year sentence, the maximum sentence for the third degree felony offense. In addition, the trial court ordered all five sentences to run consecutively, resulting in a combined sentence of fifty years' imprisonment. Applicant alleges that he believed that he was pleading guilty in exchange for a ten-year sentence, and was not aware that the sentences could be ordered to run consecutively. Applicant alleges that he gained nothing by pleading guilty and would have gone to trial on the charges had he been aware of the possibility of consecutive sentences.

Applicant has alleged facts that, if true, might entitle him to relief. *Brady v. United States*, 397 U.S. 742 (1970). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. Specifically, trial counsel shall describe the actions he took in this case, including investigations and plea negotiations with the State. Trial counsel shall state what advice, if any, he gave to Applicant about his options for pleading guilty or going to trial, and whether he advised Applicant of what the State would have to prove if he went to trial on the charges. Trial counsel shall state whether he advised Applicant of the punishment range for the charges and of the possibility of consecutive sentences. Trial counsel shall state what if any consideration was given by the State in exchange for Applicant's guilty plea.

In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or

retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and whether Applicant was prejudiced. The trial court shall also make findings of fact and conclusions of law as to whether Applicant's plea was involuntary. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: January 27, 2021
Do not publish